Henry G. Smith, J.,
delivered the opinion of the Court.
*455 Johnson obtained judgment and order for possession, upon a warrant issued by a Justice of the Peace, for forcible entry and detainer against Skipwith and others.
Before writ of possession executed, Skipwith presented to the Judge of the Law Court of Memphis, a petition praying to take the cause [into that Court by writ of certiorari, in the manner of an appeal. The merits stated in the petition were, that the defendants in the warrant were herself and children, and that she was a married woman and they were infants. The Judge made the order granting the prayer of the petition, upon her giving bond with security in the sum of $600. This bond was given, and the cause filed in the Court, October 25, 1866.
Upon application of Johnson to the Court, and it being shown to the Court that the annual rents of the tenement in dispute were .worth $900, the Court made an order on the — day of December, A. D., 1867, requiring Skipwith to give bond, with sureties, in the sum of $1,200; conditioned for the payment of the rents to accrue from October 25th, 1867, to October 25th, 1868, the year following the year purporting to be covered by the original bond; and the Court further ordered, that if such new bond were not given by the — day of January, A. D., 1868, the cause should be dismissed. Skipwith failed to give the bond, and, thereupon, the Court dismissed the cause. From all which Skipwith took an appeal to this Court.
The error assigned, is, the dismissal of the cause, for the failure to give the required bond. It is *456 claimed, that tbe Court has no power to require of the defendant in such action, to give any other than the original bond, which the Code prescribes shall be in double the value of one year’s rent of the tenement, in respect of which the action is brought: See Code, sec 3362.
The statute, (sec. 3362,) gives the defendant the right to take actions of this kind into the Court above, by certiorari, in the way of an appeal, upon giving bond and security in double the value of one year’s rent of the premises. If this be inadequate for the protection of the plaintiff, it is the fault of the statute, and is remediless by the Court. Had the Legislature thought proper so to enact, the appeal, or certiomri, might be had, upon bond, with sureties, for a less amount, or even without bond and security for any amount.
If the original bond be ordered or taken, in tie first instance, for less than double the actual value of one year’s rent, there seems to be no doubt of the power of the Court, at any time, to exact of the defendant, a bond, with security, equal to such double value. But we are not aware of any authority in the Court, to require bond beyond that which the Legislar ture has prescribed as the condition upon which the defendant may have the appeal or certiorari.
The remedy of forcible entry and detainer, or the lawful detainer, will lie against married women, and persons under age. Whether liable on bonds given by them in the course of such proceedings, may be ques *457 tionable. There can, however, be no question as to the liability of their sureties upon such bonds.
As the practice now stands, the remedies of landlord against tenant holding over unlawfully, are practically insufficient, and seem to require amendment at the hands of the Legislature. Under the present practice, such tenant may hold over for years, and so long as the law’s delay can be protracted by' appeals and otherwise, without any right or merit on the part of the tenant, and without merit or any redress to the landlord, other than the ultimate payment of the value of the rents during the delay. Practically,' the tenant gets the occupation of the premises during this delay, not at the rate of rent contracted for with the landlord, but at such rate as the jury may think proper to allow, upon the proofs in the cause. Under the practice in the State, until within a few years past, the tenant holding over, was unable to retain possession against the will of the landlord, except upon certiorari, showing merits, and verified by the oath of the tenant.
Reverse this judgment, which we order reluctantly.